**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2009

No. 09-20106
Summary Calendar

Charles R. Fulbruge III
Clerk

CHARLES W BIRKS

Plaintiff - Appellant

v.

KEITH F. PARK, Esquire; COUGHLIN STOIA GELLER RUDMAN &
ROBBINS LLP; REGENTS OF THE UNIVERSITY OF CALIFORNIA

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:08-CV-2702

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Charles W. Birks invested in Dynegy, Inc. securities and was a class
member in a securities class action filed in 2002 in the Southern District of
Texas. Appellee, The Regents of the University of California, was appointed
Lead Plaintiff for the class; appellee, Coughlin Stoia Geller Rudman & Robbins
LLP was appointed Lead Counsel for the class; and appellee, Keith Park, was

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

one of the attorneys at the Coughlin firm. The class action was settled in 2005. Birks received approximately $15,000 in settlement of his claim for losses which was calculated at approximately $71,000.

After receiving and accepting his share of the settlement funds, Birks filed this suit against the appellees in federal court in West Virginia, asserting claims for malpractice and fraud. Birks alleged in his complaint that the settlement notice, which had been approved by the Texas court, was inadequate because it failed to disclose that the settlement fund would be inadequate to compensate fully all claimants and failed to disclose the corporate governance provisions of the settlement, pursuant to which The Regents were given the right to nominate two members of Dynegy's Board of Directors. The West Virginia district court transferred Birks's action to the Southern District of Texas.

Judge Lake, who approved the Dynegy class action settlement, granted the appellees' motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The district court held that it had jurisdiction pursuant to the continuing jurisdiction provision of the final judgment entered in the Dynegy Securities Litigation, because Birks's claims – that the Lead Plaintiff and Lead Counsel in the Dynegy Securities Litigation sent out a deficient notice of the proposed settlement to the class members and agreed to a settlement that was unfair – would require the court to rule on matters it had previously ruled on in the final judgment approving the class action settlement. In a thorough and well-reasoned opinion, the district court examined Birks's allegations in detail, and concluded that his complaint failed to allege any facts that, if true, were capable of showing that the appellees engaged in any conduct that constituted malpractice and/or fraud in settling the Dynegy Securities Litigation.

We have reviewed the record and the arguments of the parties, and we conclude that the district court did not err in granting the appellees' motion for judgment on the pleadings. Accordingly, we affirm, essentially for the reasons

stated in the district court's opinion. *Birks v. Park*, No. H-08-2702 (S.D. Tex. Feb. 12, 2009).

AFFIRMED.